**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In Re:

Alan Maruska

Bky Case No.: 26-60224
Chapter 12 Case

Debtor.

# NOTICE OF HEARING ON CONFIRMATION OF AND FILING OF MODIFIED PRE-CONFIRMATION CHAPTER 12 PLAN DATED AUGUST 11, 2026

PLEASE TAKE NOTICE that pursuant Local Rule 3015-1(c), the hearing on Confirmation of the Chapter Plan for the above-named Debtor(s), has been scheduled for Tuesday, September 22, 2026 at 1:30 p.m.

The hearing will be conducted telephonically. Please contact Judge Fisher's Courtroom Deputy by email at mnb_fisher_hearings@mnb.uscourts.gov or by telephone at 651-848-1061 to obtain the dial-in information. Dial-in instructions for telephonic hearings will also be displayed the day prior to the hearing on Judge Fisher’s public calendar here: https://www.mnb.uscourts.gov/judges-calendars. Any person wanting to appear in person must contact Judge Fisher's Courtroom Deputy at 651-848-1061 at least 48 hours prior to the hearing.

Any objection to the Chapter 12 Plan must be filed and served not later than Tuesday, September 15, 2026, which is seven (7) days before the hearing. **UNLESS AN OBJECTION OPPOSING THE CHAPTER 12 PLAN IS TIMELY FILED, THE COURT MAY CONFIRM THE PLAN WITHOUT A HEARING.**

**Velde Moore, Ltd.**

Date: August 11, 2026

s/Logan Moore
Logan Moore (ID #312083)
Attorney for (Debtor(s)
Velde Moore, Ltd.
1118 Broadway
Alexandria, MN 56308
320-763-6561

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re: BKY # 26-60224
Chapter 12

Alan Maruska

Debtor(s)

**CHAPTER 12 PLAN OF REORGANIZATION**
**DATED August 11, 2026**

## PART 1: TERM AND EFFECTIVE DATE

This plan shall continue for a period of five years from its effective date. The date of the entry of the order first confirming a plan is the effective date. The term "Debtors" shall be used throughout the plan regardless of whether the filing is a business, a single individual, or joint individuals.

## PART 2: LIQUIDATION ANALYSIS

The debtors' net equity in their property liquidation, after deducting the amounts of the secured claims and exemptions, is $834,348.50. The priority class (but not including attorney's fees) and non-priority unsecured class of claims described below shall receive, in total, a minimum of $834,348.50 or payment in full of allowed claims, whichever is less. The debtors' liquidation analysis is attached to this plan.

## PART 3: DISPOSABLE INCOME

For the term of this plan, all of the debtors' disposable income (income not necessary for the continuation, preservation and operation of the farm and for the maintenance or support of the debtors and their dependents), regardless of the amount, will be paid to the Trustee. The Trustee shall disburse these funds first to any unpaid priority claims (including administrative expenses and Trustee's fees) and second to non-priority unsecured creditors.

## PART 4: LIVING EXPENSES

The debtors' projections of living expenses are $35,000.00. The debtors shall limit their annual withdrawals for living expenses to said amount, unless said amount is modified by Court Order. The Court shall retain authority and jurisdiction to modify said allowance upon applications of a party in interest.

## PART 5: COSTS OF ADMINISTRATION AND PROFESSIONAL FEES

Claims for compensation and expenses of professionals and Court costs shall be paid upon approval by the Court and as directed by the Court or the terms of this plan.

**Class 1: Trustee's Fees.** The Chapter 12 Trustee shall make application to the Court for approval of trustee's fee and for any reasonable and necessary expenses of the Trustee in effectuating the Trustee's duties under the Bankruptcy Code in administering this case. The debtors shall pay an amount equal to five percent (5%) of all payments disbursed by the Chapter 12 Trustee as an estimated payment and the Trustee shall hold the fee until the Trustee's fees and expenses are applied for and approved by the Court. Once the Trustee's fees are approved, the Trustee shall pay them. If there are excess funds in the account at the end of the case, the money shall be paid to the unsecured creditors and any excess after paying the unsecured creditors shall be paid to the debtors, unless otherwise ordered by the Court. **All payments shall be made through the Chapter 12 Trustee unless otherwise stated herein. Creditors shall only accept direct payment from the debtors if specified in the plan.**

**Class 2: Debtors' Attorney' Fees.** Debtors' attorney will apply to the Court for compensation in this case for attorney's fees, administrative work and reimbursement of costs and expenses incurred during the representation of the debtors pre- and post-petition. Upon approval of such compensation by the Court, the debtors shall make periodic payments to the Chapter 12 Trustee as outlined in the table below. The amounts in the table are estimates only, and the Debtors shall provide additional funds as necessary to compensate the debtors' attorney fees. The debtors shall provide additional funds as is necessary to provide for the Trustee's 5% fee when making these payments.

| Payment Due Date | Payment Amount | Trustee's Fees | Total Payment | Paid by |
|---|---|---|---|---|
| 1-Feb-27 | $ 2,000.00 | $ 100.00 | $ 2,100.00 | trustee |
| 1-Feb-28 | $ 2,000.00 | $ 100.00 | $ 2,100.00 | trustee |
| 1-Feb-29 | $ 2,000.00 | $ 100.00 | $ 2,100.00 | trustee |
| 1-Feb-30 | $ 2,000.00 | $ 100.00 | $ 2,100.00 | trustee |
| 1-Feb-31 | $ 2,000.00 | $ 100.00 | $ 2,100.00 | trustee |
| Total | $ 10,000.00 | $ 500.00 | $ 10,500.00 | |

## PART 6: SECURED CLAIMS AND RETENTION OF LIENS

The term "secured claim" as used in this Plan shall mean an allowed claim in an amount equal to the value of a creditor's interest in real or personal property, as set forth in this Part or order of the Court. The balance of the total allowed claim held by a given creditor shall be deemed to be an unsecured claim. However, nothing in this Part shall restrict the debtor, Trustee, or other party from objecting under Fed. R. Bankr. P. 3007 to the allowance of the unsecured portion of the claim. With the exception of government entities, if a creditor seeks to claim fees, costs, and expenses as part of its secured claim under 11 U.S.C. § 506(b) in excess of $5,000.00, the creditor must seek court approval of all section 506(b) fees, costs and expenses in excess of $5,000.00 before their addition to the outstanding balance owed on the debtor's loan(s). All creditors whose claims are treated as secured in this plan shall retain their liens on the collateral securing their respective claims as specified in the plan and until such claims are pin in full in the amount allowed as secured. A creditor shall release its lien(s) upon payment in full of the secured claim held by the creditor as set forth in this Plan or order of the Court. Except as modified by the terms of this Plan, all documents evidencing indebtedness and security in favor of said secured creditors remain the same and are incorporated herein by reference.

If the value of creditor's interest in real or personal property is such that the creditor does not have a secured claim as defined and set forth in this Part, said creditor shall release its lien upon the entry of an order of discharge by the Court. The balance of the total allowed claim by the creditor shall be deemed to be an unsecured claim. However, nothing in the Part shall restrict the debtor, Trustee, or other party from objecting under Fed. R. Bankr. P. 3007 to the allowance of the unsecured portion of the claim.

Upon confirmation of the debtors' chapter 12 plan, all the debtors' post-petition crops, crop checks, crop insurance claims and government program payments derived from post-petition crops; 2026 crop and thereafter, will not be subject to pre-petition liens of secured lenders pursuant to 11 U.S.C. § 552, unless the Court grants a secured creditor a lien against post-petition crops, crop checks, crop insurance claims and government program payments derived from post-petition crops.

**Class 1:** Star Bank Loan #4556

Total Claim 526,453.21, Amount secured 526,453.21.
Loan #4556 shall accrue at a fixed rate of 8.0% and shall have annual payments due on February 1st beginning in 2027. The loan shall be on a 20 amortization, but shall have a maturity date 60 months from the month the first plan confirmation order is entered. Star Bank's lien against the debtor's real property and chattel shall not be modified. Upon confirmation, the debtor shall execute a deed in lieu of foreclosure for the farmland he owns in Section 35 and Section 8, Polk County, Minnesota. Interest on this obligation shall accrue from the date of filing. Star Bank is an over-secured creditor entitled to interest, attorney fees, and costs pursuant to 11 U.S.C. § 506(b).

| Payment Due Date | Payment Amount | Trustee's Fees | Total Payment | Paid by |
|---|---|---|---|---|
| 1-Feb-27 | $ 53,620.42 | $ 2,681.02 | $ 56,301.44 | trustee |
| 1-Feb-28 | $ 53,620.42 | $ 2,681.02 | $ 56,301.44 | trustee |
| 1-Feb-29 | $ 53,620.42 | $ 2,681.02 | $ 56,301.44 | trustee |
| 1-Feb-30 | $ 53,620.42 | $ 2,681.02 | $ 56,301.44 | trustee |
| 1-Feb-31 | $ 53,620.42 | $ 2,681.02 | $ 56,301.44 | trustee |
| Total | $ 268,102.10 | $ 13,405.11 | $ 281,507.21 | |

**Class 2:** Star Bank Loan #4557

Total Claim 276,760.09, Amount secured 276,760.09.
Loan #4557 shall accrue at a fixed rate of 8.0% and shall have annual payments due on February 1st beginning in 2027. The loan shall be on a 20 amortization, but shall have a maturity date 60 months from the month the first plan confirmation order is entered. Star Bank's lien against the debtor's real property and chattel shall not be modified. Upon confirmation, the debtor shall execute a deed in lieu of foreclosure for the farmland he owns in Section 35 and Section 8, Polk County, Minnesota. Interest on this obligation shall accrue from the date of filing. Star Bank is an over-secured creditor entitled to interest, attorney fees, and costs pursuant to 11 U.S.C. § 506(b).

| Payment Due Date | Payment Amount | Trustee's Fees | Total Payment | Paid by |
|---|---|---|---|---|
| 1-Feb-27 | $ 28,188.63 | $ 1,409.43 | $ 29,598.06 | trustee |
| 1-Feb-28 | $ 28,188.63 | $ 1,409.43 | $ 29,598.06 | trustee |
| 1-Feb-29 | $ 28,188.63 | $ 1,409.43 | $ 29,598.06 | trustee |
| 1-Feb-30 | $ 28,188.63 | $ 1,409.43 | $ 29,598.06 | trustee |
| 1-Feb-31 | $ 28,188.63 | $ 1,409.43 | $ 29,598.06 | trustee |
| Total | $ 140,943.15 | $ 7,047.16 | $ 147,990.31 | |

**Class 3:** Star Bank Loan #4558

Total Claim 161,188.42, Amount secured 161,188.42.
Loan #4558 shall accrue at a fixed rate of 8.0% and shall have annual payments due on February 1st beginning in 2027. The loan shall be on a 20 amortization, but shall have a maturity date 60 months from the month the first plan confirmation order is entered. Star Bank's lien against the debtor's real property and chattel shall not be modified. Upon confirmation, the debtor shall execute a deed in lieu of foreclosure for the farmland he owns in Section 35 and Section 8, Polk County, Minnesota. Interest on this obligation shall accrue from the date of filing. Star Bank is an over-secured creditor entitled to interest, attorney fees, and costs pursuant to 11 U.S.C. § 506(b).

| Payment Due Date | Payment Amount | Trustee's Fees | Total Payment | Paid by |
|---|---|---|---|---|
| 1-Feb-27 | $ 16,417.40 | $ 820.87 | $ 17,238.27 | trustee |
| 1-Feb-28 | $ 16,417.40 | $ 820.87 | $ 17,238.27 | trustee |
| 1-Feb-29 | $ 16,417.40 | $ 820.87 | $ 17,238.27 | trustee |
| 1-Feb-30 | $ 16,417.40 | $ 820.87 | $ 17,238.27 | trustee |
| 1-Feb-31 | $ 16,417.40 | $ 820.87 | $ 17,238.27 | trustee |
| Total | $ 82,087.00 | $ 4,104.35 | $ 86,191.35 | |

**Class 4:** Star Bank Loan #4554

Total Claim 1,364,217.23, Amount secured 1,364,217.23.
Loan #4554 shall accrue at a fixed rate of 8.0% and shall have annual payments due on February 1st beginning in 2027. The loan shall be on a 20 amortization, but shall have a maturity date 60 months from the month the first plan confirmation order is entered. Star Bank's lien against the debtor's real property and chattel shall not be modified. Upon confirmation, the debtor shall execute a deed in lieu of foreclosure for the farmland he owns in Section 35 and Section 8, Polk County, Minnesota. Interest on this obligation shall accrue from the date of filing. Star Bank is an over-secured creditor entitled to interest, attorney fees, and costs pursuant to 11 U.S.C. § 506(b).

| Payment Due Date | Payment Amount | Trustee's Fees | Total Payment | Paid by |
|---|---|---|---|---|
| 1-Feb-27 | $ 138,948.54 | $ 6,947.43 | $ 145,895.97 | trustee |
| 1-Feb-28 | $ 138,948.54 | $ 6,947.43 | $ 145,895.97 | trustee |
| 1-Feb-29 | $ 138,948.54 | $ 6,947.43 | $ 145,895.97 | trustee |
| 1-Feb-30 | $ 138,948.54 | $ 6,947.43 | $ 145,895.97 | trustee |
| 1-Feb-31 | $ 138,948.54 | $ 6,947.43 | $ 145,895.97 | trustee |
| Total | $ 694,742.70 | $ 34,737.14 | $ 729,479.84 | |

**Class 5:** Star Bank Loan #4501

Total Claim is $841.04 which is fully secured and the debtor shall pay this claim in full prior to confirmation of his chapter 12 plan.

**Class 6:** Fifth Third Bank

Total Claim is $17,068.15 which is fully secured in the debtor's 2019 Toyota Tundra pickup. The debtor shall continue to pay this claim directly to Fifth Third Bank under pre-petition terms of $765.00 per month. Fifth Third Bank shall retain its lien in its collateral.

**Class 7:** Thrivent Bank

Total Claim is $18,320.33 which is fully secured by the South 10 feet of Lot 8, all of Lot 9, Block 2, Engelstad's Addition, Marshall, County, Minnesota. The debtor shall continue to pay this claim directly to Thrivent Bank under pre-petition terms of $821.50 per month. Thrivent Bank shall retain its lien in its collateral.

**Class 8:** Thrivent Bank, Heloc

Total Claim is $56,980.00 which is fully secured by the South 10 feet of Lot 8, all of Lot 9, Block 2, Engelstad's Addition, Marshall, County, Minnesota. The debtor shall continue to pay this claim directly to Thrivent Bank under pre-petition terms. Thrivent Bank shall retain its lien in its collateral.

**Class 9:** Small Business Administration (SBA)

Total Claim is $925,694.68 which SBA claims is secured in the amount of $20,000.00 leaving the balance of the claim unsecured. The debtor maintains that the SBA claim is fully unsecured due to its deficient and inaccurate UCC filing with the State of Minnesota. SBA will receive payment under Part 9 of the plan.

## PART 7: EXECUTORY CONTRACTS AND LEASES

This Part consists of executory contracts and leases existing as of the date of filing already not otherwise already classified by this plan as secured claims. All other executory contracts and leases are rejected unless specifically assumed in this Part. The debtors assume the following executory contracts and leases:

| |
|---|
| Retainer Agreement for Chapter 12 Services with Velde Moore, Ltd. |
| Mary Beth Edman; land rental |
| Ken and Joanne Kostka: land rental |
| Dan Filipi: land rental |
| Lavonn Marek: land rental |
| Sprosty Revocable Trust: land rental |
| Adelaide L. Vanek Irrevocable Trust: land rental |
| Jerome Vanek: land rental |
| Romelle Vanek Ferris: land rental |
| Gerald Maruska: land rental |
| Pat and Karen Znajda: land rental |
| Gerald Larson: land rental |

| |
|---|
| Duane Kasprick: land rental |
| Marlys Kasprick: land rental |
| Michelle Kasprick: land rental |
| Cheryl Weller: land rental |
| Jennifer Kovar: land rental |

## PART 8: PRIORITY AND OTHER ADMINISTRATIVE EXPENSE CLAIMS

Allowed priority and allowed administrative expense claims, other than those separately addressed under Part 5 and Part 10, shall be paid in full by the debtors. The amounts listed below are estimates. The Trustee will pay the amounts actually allowed. Nothing in the Part shall restrict the debtor, Trustee, or other party from objecting under Fed. R. Bankr. P. 3007 to the allowance or classification of the claim. The debtors will submit all disposable income to the Trustee for payment of priority and non-priority claims. Notwithstanding, the debtors shall make minimum payments to this class on the schedules set forth below.

**Class 1: IRS**. This creditor has filed a priority claim in the amount of $2,313.05. The debtors will pay the claim pursuant to the following schedule:

| Payment Due Date | Payment Amount | Trustee's Fees | Total Payment | Paid by |
|---|---|---|---|---|
| 1-Feb-27 | $ 462.61 | $ 23.13 | $ 485.74 | trustee |
| 1-Feb-28 | $ 462.61 | $ 23.13 | $ 485.74 | trustee |
| 1-Feb-29 | $ 462.61 | $ 23.13 | $ 485.74 | trustee |
| 1-Feb-30 | $ 462.61 | $ 23.13 | $ 485.74 | trustee |
| 1-Feb-31 | $ 462.61 | $ 23.13 | $ 485.74 | trustee |
| Total | $ 2,313.05 | $ 115.65 | $ 2,428.70 | |

**Class 2: Priority and Unsecured Claim** n/a. This creditor has filed a priority claim in the amount of $n/a. The debtors will pay the claim pursuant to the following schedule:

| Payment Due Date | Payment Amount | Trustee's Fees | Total Payment | Paid by |
|---|---|---|---|---|
| | | $ - | $ - | |
| | | $ - | $ - | |
| | | $ - | $ - | |
| | | $ - | $ - | |
| | | $ - | $ - | |
| Total | $ - | $ - | $ - | |

## PART 9: NON-PRIORITY UNSECURED CLAIMS

This class consists of allowed non-priority unsecured claims, including, but not limited to, allowed non-priority unsecured claims of creditors which are as a result of damages arising as a result of the rejection of unexpired

leases and/or executory agreements, allowed non-priority unsecured claims resulting from the value of a secured claim being of a value less than the creditor's collateral, allowed non-priority claims of those secured creditors whose claims are determined to be unsecured, allowed non-priority governmental claims arising under 11 U.S.C. § 1232, and allowed non-priority unsecured claims for taxes and penalties which are not included in any other Class. Payments made to this Class shall be disbursed by the Trustee pro-rata based on the amount of allowed claims existing on the date of disbursement. Nothing in this Part shall restrict the debtor, Trustee, or other party from objecting under Fed. R. Bankr. P. 3007 to the allowance of a claim. As of the date of the filing of the plan, non-priority unsecured claims total approximately $1,031,286.20. The debtors propose to withhold each year sums of money for reasonable and necessary expenses to preserve and continue the debtors' farm operation as authorized under 11 U.S.C. Section 1225(b)(2)(B). Such expenses include, but are not limited to, the purchase of capital improvements, machinery, equipment, as well as operating expenses including, but not limited to, the purchase of livestock, feed, and crop inputs. The debtors will submit all disposable income to the Trustee for payment of priority and non-priority unsecured claims. Notwithstanding, the debtors shall make minimum payments to this class on the following schedule in order to meet the best interests test. Pursuant to Bankruptcy Rule of Civil Procedure 3021, the Trustee shall not make any distributions to non-priority unsecured claims until the final month of last confirmed plan. Any non-governmental, unsecured claims associated with claims filed after the non-governmental claim filing deadline, June 22, 2026, are disallowed as these creditors did not timely file claims. These claims will not be included in the pro rata distribution under Part 9 and will be discharged upon the debtor receiving a discharge in this case.

The debtor will make annual payments from farm income not necessary to preserve and continue the farm operation. The debtor intends to refinance his farm operation to satisfy the secured claims of Star Bank and to meet the best interest's calculation of $834,348.50 prior to the completion of his plan in order to obtain a discharge order.

| Payment Due Date | Payment Amount | Trustee's Fees | Total Payment | Paid by |
|---|---|---|---|---|
| | | $ - | $ - | |
| | | $ - | $ - | |
| | | $ - | $ - | |
| | | $ - | $ - | |
| | | $ - | $ - | |
| Total | $ - | $ - | $ - | |

## PART 10: 11 U.S.C. § 1232 GOVERNMENT CLAIMS

Governmental claims arising under 11 U.S.C. § 1232 (1) shall be treated as non-priority unsecured claims arising before the date on which the petition is filed; (2) shall be treated under Part 9 of the plan (Non-Priority Unsecured Claims), provided that the claim is not otherwise disallowed, (3) shall not be entitled to priority treatment under 11 U.S.C. § 507; and (4) shall be discharged in accordance with 11 U.S.C. §§ 1228 & 1232. If the debtor files a tax return after the filing of the petition for a period in which a claim under 11 U.S.C. § 1232(a) arises, and the claim relates to the tax return, the debtor shall serve notice of the claim pursuant to 11 U.S.C. § 1232(d)(2) & 505(b). Nothing in this Part shall restrict the debtor, Trustee, or other party from objecting under Fed. R. Bankr. P. 3007 to the allowance of a claim.

## PART 11 EXECUTION OF PLAN AND CASH FLOW ANALYSIS

The debtors propose to continue their farming operations and make the plan payments out of farm or other income. The debtors' projections of income, operating expenses, and plan payments are attached as Exhibit B.

## PART 12 GENERAL PROVISIONS

1. The Court shall retain jurisdiction over the debtors and his property for the term of the plan. Property of the estate vests upon dismissal, conversion, or completion of plan payments due during the term of the plan.

2. As part of the continuing farm operation, the debtors shall submit operating reports and bank statements on a monthly basis to the Chapter 12 Trustee. The debtors shall provide the Chapter 12 Trustee copies of tax returns annually once filed.

3. For the duration of the Chapter 12 plan, the debtors shall seek Court approval to obtain credit or incur debt outside the ordinary course of business.

4. For the duration of the Chapter 12 plan, the debtors shall seek Court approval to use, sell, or lease property outside the ordinary course of business.

5. Either the debtors or any creditor may record this plan and the Order confirming this plan with the Office of the County Recorder of each county in which the debtors have an interest in real estate without violation of the automatic stay.

August 11, 2026

Velde Moore, Ltd.
/e/_Logan Moore, #312083
Tele: 320-763-6561
Fax: 320-763-6564
Email: logan@veldemoore.com

Signed: /e/_Alan Maruska

Debtor 1: Alan Maruska

Dated: August 11, 2026

| Asset | Value | Thrivent | First Third Bk. | Star Bank | Exemption | Estate |
|---|---|---|---|---|---|---|
| Homestead Sec. 35 (half) | 1,155,340.00 | | | | 1,275,000 | |
| Tillables Sec. 8 (half) | 1,083,569.00 | | | 1,083,569.00 | | |
| Warren House (half) | 270,000 | 79,145.00 | | | | 95,427.50 |
| Warren Lot (half) | 5,000 | | | | | 2,500 |
| Nissan Armada (half) | 15,000 | | | | | 7,500.00 |
| Household goods | 5,000 | | | | 5,000 | |
| Clothing | 500 | | | | 500 | |
| Old Dominion Checking | 35,000 | | | 35,000 | | |
| Star Bank checkng | 0 | | | | | |
| Guns | 3,600 | | | | 1500 | 2,100.00 |
| IRA account | 110,255.00 | | | | 110,225 | |
| Life Ins | 13,000.00 | | | | 10,000 | 3,000 |
| 25 Crops | 359,000 | | | 359,000 | | |
| crop checks | 111,000 | | | 111,000 | | |
| Farm Machinery (half) | 963,483 | | | 727,621 | 26,000 | 209,862 |
| Alan Maruska GM LLP | 1,000 | | | | | 1,000 |
| GEM Farms Inc (49%) | 49,000 | | | | | 49,000 |
| Maruska Asset Protection Trust | 0 | | | | | |
| SBA recapture | 18,900 | | | | | 18,900 |
| Road Fuel | 5,600 | | | | | 5,600 |
| Red Fuel | 8,750 | | | | | 8,750 |
| Propane | 5,250 | | | | | 5,250 |
| Titled Vehicles | 203,459 | | 18,000 | | 10,000 | 175,459 |
| Unit Retains, Coop etc | 250,000.00 | | | | | 250,000 |
| Total | 4,671,706.00 | | | 2316190 | | 834348.5 |

| | |
|---|---|
| Star Bank | 2,316,190.64 |
| Fifth Third Bank | 18,000 |
| Thrivent | 79,145 |

| **Income** | Jan | Feb | March | April | May | June | July | Aug | Sept | Oct | Nov | Dec | Early 2027 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Beg Cash Balance | 28,000 | | | | | | | | | | | | |
| Corn | | | | | | | | | | 42,500 | 63,750 | 165,750 | |
| Soybeans | | | | | | | | | | 153,750 | 102,500 | 205,000 | |
| Gov't Payments | | | | | | | | | | 50,000 | 13,000 | | |
| Pat. Dividends | | | | | | | | | | | 15,000 | | |
| wages | 2833 | 2833 | 2833 | 2833 | 2833 | 2833 | 2833 | 2833 | 2833 | 2833 | 2833 | 2833 | |
| Cash collateral | | | | | 470,000 | | | | | | | | |
| **Income Total** | 30,833 | 2833 | 2833 | 2833 | 472833 | 2833 | 2833 | 2833 | 2833 | 249083 | 197083 | 373583 | **1,343,246** |
| | | | | | | | | | | | | | |
| **Expenses** | | | | | | | | | | | | | |
| Seed | 39,000 | | | | | | | | | | | 39000 | |
| Fertilzer | | | 62,000 | | | | | | | | | | |
| Chemicals | | | | | | 17333 | 17333 | 17333 | | | | | |
| Crop Ins. | | | | | | | | | | 35000 | | | |
| Drying Fuel | | | | | | | | | | | | 4000 | |
| fuel & oil | | | 5250 | | | 5250 | | | 5250 | | | 5250 | |
| Repairs | | | 3182 | 3182 | 6364 | | 3182 | 3182 | 3182 | 6364 | 6364 | | |
| Cust hire | | | | | | 1250 | | | 1250 | 1250 | 1250 | | |
| labor | | | | | | | | | 2500 | 2500 | 2500 | 2500 | |
| land rent | | | | 72500 | | | | | | | 72500 | | |
| RE taxes | | | | | 5000 | | | | | 5000 | | | |
| farm ins | | | 5000 | | | | | | 5000 | | | | |
| utilities | 833 | 833 | 833 | 833 | 833 | 833 | 833 | 833 | 833 | 833 | 833 | 833 | |
| misc. | | | 500 | | | 500 | | | 500 | | 500 | | |
| consultants | | | 750 | | | | | | | | | | |
| living draw | 2917 | 2917 | 2917 | 2917 | 2917 | 2917 | 2917 | 2917 | 2917 | 2917 | 2917 | 2917 | |
| **Expense Total** | 42750 | 3750 | 80432 | 79432 | 15114 | 28083 | 24265 | 24265 | 21432 | 53864 | 86864 | 54500 | **514751** |
| | | | | | | | | | | | | | |
| **Debt Service** | | | | | | | | | | | | | |
| Star #4556 | | | | | | | | | | | | | 56,301.44 |
| Star #4557 | | | | | | | | | | | | | 29,598.06 |
| Star #4558 | | | | | | | | | | | | | 17,238.27 |
| Star #4554 | | | | | | | | | | | | | 145,895.97 |

| | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| fifth third | 765 | 765 | 765 | 765 | 765 | 765 | 765 | 765 | 765 | 765 | 765 | 765 | |
| Thrivent | 900 | 900 | 900 | 900 | 900 | 900 | 900 | 900 | 900 | 900 | 900 | 900 | |
| Thrivent heloc | 324 | 324 | 324 | 324 | 324 | 324 | 324 | 324 | 324 | 324 | 324 | 324 | |
| IRS | | | | | | | | | | | | | 3,178.99 |
| Atty fee | | | | | | | | | | | | | 2,100.00 |
| **Debt Ser Total** | 1989 | 1989 | 1989 | 1989 | 1989 | 1989 | 1989 | 1989 | 1989 | 1989 | 1989 | 1989 | **254312.73** |
| Surplus | | | | | | | | | | | | | **574,182.27** |

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In RE:

Alan Maruska

Bky Case No. 26-60224
Chapter 12 Case

Debtor(s).

UNSWORN CERTIFICATE OF SERVICE

The undersigned, of the City of Alexandria, County of Douglas, in the State of Minnesota, states that on Tuesday, August 11, 2026, she filed a Notice of Hearing on Confirmation of Filing of Modified Pre-Confirmation Chapter 12 Plan Dated August 11, 2026 with the US Bankruptcy Court. All parties receiving electronic service were served by the Court upon the filing of the document. The following parties were served by mail by enclosing a true and correct copy thereof, in an envelope, with first class postage prepaid, and depositing the same in the post office at Alexandria, Minnesota, addressed as follows: SEE ATTACHED

/e/ Kathy Stueve
Assistant to Logan Moore
1118 Broadway
Alexandria, MN 56308
320-763-6561

Bank of America
100 North Tryon Street
Charlotte, NC 28255-0001

Bank of America NA
PO Box 673033
Dallas, TX 75267-3033

CAPITAL ONE - CABELA'S
15075 Capital One Drive
Carol Stream, IL 60197-4069

Michelle Chesebro
332 S Michigan Ave Suite 600
Chicago, IL 60604-4318

Deere Credit Services Inc
Attn: Litigation & Recovery Department
PO Box 6600
Johnston, IA 50131

Discover Fin Svcs
2500 Lake Cook Rd
Lakewood, IL 62438

FIFTH THIRD BANK
MD #ROPS05 - BANKRUPTCY DEPT
1850 EAST PARIS SE
Grand Rapids, MI 49546-6253

Fifth Third Bank NA
Po Box 9013
Addison, TX 75001-9013

FNB Omaha - Amazon
PO Box 3412
Omaha, NE 68103-0412

Golden Harvest Seeds
Syngenta Seeds, LLC
9 Davis Drive
Durham, NC 27713

Great Southern Bank
7685 Zachary Ln
Osseo, MN 55369

INTERNAL REVENUE SERVICE
Centralized Insolvency OP UNIT
PO Box 7346
Philadelphia, PA 19101-7346

John Deere Financial, f.s.b.
c/o Weltman Weinberg & Reis Co. LPA
5990 West Creek Road Ste 200
Independence, OH 44131-2191

JPMorgan Chase Bank NA
s/b/m/t Chase Bank USA NA
c/o National Bankruptcy Services, LLC
PO Box 9013
Addison, TX 75001-9013

JPMORGAN CHASE BANK NA
PO Box 15369
Wilmington, DE 19850-5369

Lana Maruska
198 S 5th St
Warren, MN 56762-1506

Alan Maruska
34162 160th St Nw
Warren, MN 56762-8918

MJB Law Firm, PLLC
Attn: Mr. Karl Johnson
3701 Shoreline Dr #200a 200a
Wayzata, MN 55391-4006

OFFICE OF THE MINNESOTA ATTORNEY GENERAL
445 MINNESOTA STREET 1400
Saint Paul, MN 55101-2131

Small Business Administration
409 3rd Street SW
Washington, DC 20416

Star Bank
10 HWY 55
Maple Lake, MN 55358

Star Bank
400 2nd St
Barrett, MN 56311-4541

Star Bank
250 Prairie Center Dr
Eden Prairie, MN 55344-7819

Star Bank
Attn: Andrew Guse
250 Prairie Center Dr
Eden Prairie, MN 55344-7819

State of Minnesota Department of Revenue
PO Box 64447-BKY
Saint Paul, MN 55164-0447

Synchrony Bank
by AIS InfoSource LP as agent
PO Box 4457
Houston, TX 77210-4457

Synchrony Bank/Sams Club
PO Box 29116
Mission, KS 66201

Synchrony Bank-Fleet Farm
Po Box 71782
Philadelphia, PA 19176-1782

Thrivent Bank
4500 Park Glen Rd Suite 300
Minneapolis, MN 55416-4891

Thrivent Bank
Attn: Bankruptcy Department
1 Corporate Dr Ste 360
Lake Zurich, IL 60047-8945

Thrivent Financial
600 Portland Ave
Minneapolis, MN 55415-4401

U S Small Business Administration
Attn: Bk Notices
332 S Michigan Ave Suite 600
Chicago, IL 60604-4318

United States Attorney's Office
United States Courthouse
300 S 4th St #600 600
Minneapolis, MN 55415-2200